UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| JOHN G. WESTINE, JR., | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 3: 15-9-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BILLY ROBERTS, Jailer, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

*** *** *** ***

Petitioner John G. Westine, Jr., is an inmate confined at the United States Penitentiary -

Victorville in Adelanto, California.  Proceeding without counsel, Westine filed a petition for a

writ of habeas corpus challenging his 1992 federal conviction for money laundering on

numerous grounds, including under *United States v. Santos*, 553 U.S. 507 (2008).  [R. 1.]  The

Court screened Westine's petition and denied all but his *Santos* claim [R. 12], to which the

government has now responded.  [R. 16.]  This matter is now ripe for decision.

**I**

In 1989, Westine swindled $3.4 million from investors in a scheme involving non-

existent oil wells.  Westine used the funds he collected to both promote the scheme further and to

conceal the proceeds.  Westine used approximately 30% of the proceeds to promote the scheme,

returning approximately 10% to investors in the guise of royalty payments, spending 10% to rent

an office in Cincinnati as a front for the enterprise, and spending 10% as commissions to sales

staff.  Westine kept the remaining 70% for himself.  To conceal the location of the proceeds from

the fraud, Westine created a complex scheme using shell corporations, false names and

identification, and a multi-layered banking structure in numerous bank accounts.  *United States v. Westine*, 21 F. 3d 429, 1994 WL 88831, at *1-3 (6th Cir. Mar. 17, 1994).

In 1991, Westine was indicted in Cincinnati, Ohio, on numerous fraud charges and one count of money laundering, including both promotion under 18 U.S.C. § 1956(a)(1)(A)(i) and concealment under 18 U.S.C. § 1956(a)(1)(B)(i).  Following his conviction in 1992, he was sentenced to 235 months imprisonment to be followed by a 3-year term of supervised release.  [R. 16-2]; *United States v. Westine.*, No. 1: 91-CR-127-CBR (S.D. Ohio 1991).  Westine completed service of that sentence and began his term of supervised release on October 31, 2011.  [R. 16-1.]

In August 2014, while Westine was still on supervised release from his prior conviction, he was indicted in this Court on new charges of mail fraud and money laundering because in mid-2012 he began a similar scheme involving sales of interests in unprofitable oil wells.  Westine was arrested on August 25, 2014, and remained in pretrial detention pending trial.  A jury convicted Westine on most counts in January 2015, and he was sentenced to a cumulative 480-month term of imprisonment in March 2016.  *United States v. John G. Westine, Jr.*, No. 3:14-CR-10-GFVT-REW-1 (E.D. Ky. 2014) [R. 1, 14, 27, 522 therein.]

In his petition, Westine contends that his 1992 conviction for money laundering is invalid under *Santos* because "spending of proceeds for business expenses, commissions, etc., is not money laundering & a merger problem," and that *Santos* is retroactively applicable to cases on collateral review.  [R. 1 (citing *Buffin v. United States*, 513 F. App'x 441 (6th Cir. 2013) and *United States v. Kratt*, 579 F. 3d 558 (6th Cir. 2009)).].

**II**

As a preliminary matter, Westine was "in custody" under the 1992 conviction when he

filed his habeas corpus petition in January 2015, and he remains so today.[1]  Westine's three-year

term of supervised release on that conviction was due to expire on October 31, 2014, but he was

arrested on new federal charges on August 25, 2014.  The running of a term of supervised release

is governed by statute:

> The term of supervised release commences on the day the person is released from
> imprisonment and runs concurrently with any Federal, State, or local term of
> probation or supervised release or parole for another offense to which the person is
> subject or becomes subject during the term of supervised release. A term of
> supervised release does not run during any period in which the person is *imprisoned
> in connection with a conviction* for a Federal, State, or local crime unless the
> imprisonment is for a period of less than 30 consecutive days.

18 U.S.C. § 3624(e) (emphasis added).  While the Ninth Circuit has held that a pretrial detainee

cannot be considered "imprisoned in connection with a conviction" because the conviction may

never come to pass, and hence pretrial detention does not toll the running of a term of supervised

release, *United States v. Morales-Alejo*, 193 F.3d 1102, 1105 (9th Cir. 1999), the majority of

circuits, including the Sixth Circuit, hold otherwise.  *United States v. Goins*, 516 F.3d 416, 421-

22 (6th Cir. 2008); *see also United States v. Ide*, 624 F. 3d 666, 668-69 (4th Cir. 2011); *United*

*States v. Molina-Gazca*, 571 F. 3d 470, 472-73 (5th Cir. 2009); *United States v. Johnson*, 581

F.3d 1310, 1311-12 (11th Cir. 2009).  Westine's August 2014 arrest and subsequent pretrial

detention therefore tolled the running of his term of supervised release, and hence he was "in

custody" pursuant to his 1992 conviction as required to challenge it under 28 U.S.C. § 2241.[2]

---

[1]  The Court previously characterized the question of whether Westine was "in custody" under the challenged
conviction as a matter of standing [R. 12 at 9], but the government correctly addresses the issue as whether the Court
has jurisdiction to entertain the claim under 28 U.S.C. § 2241(c)(3). [R. 16 at 4.]  *See Maleng v. Cook*, 490 U.S. 488,
490 (1989).

[2]  The government states that Westine was on parole when he filed his petition. [R. 16 at 3-4.]  That parole, however,
was not for his 1992 fraud convictions, but for a prior California conviction for tax evasion, apparently for conduct

However, the Court agrees with the government that it need not reach the merits of Westine's argument under *Santos* because he has asserted it many times before in prior unsuccessful habeas corpus petitions. Westine has argued that *Santos* provided grounds for habeas relief under § 2241 on at least two prior occasions, both times without success. *See Westine v. Norwood*, No. CV08-4766-R, 2008 WL 4534280, at *2-3 (C.D. Cal. Oct. 7, 2008); *Westine v. Anderson*, No. 04-3261-CV-S-RED-H, 2010 WL 1170551 (W.D. Mo. Mar. 15, 2010). Therefore his present petition clearly constitutes a successive application and/or an abuse of the writ. [R. 16 at 5-7.]

While claims asserted in habeas proceedings are not, strictly speaking, subject to principles of claim and issue preclusion, *Woo Dong v. United States*, 265 U.S. 239, 241 (1924), a losing habeas petitioner may not simply shop his claims to a different court in hopes of obtaining a better result. First, Congress has enacted a statutory prohibition against repeated presentment of successive petitions:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). Under this provision, where, as here, the claims asserted have previously been determined by another court in a prior habeas petition, the district court may dismiss the petition. *McClesky v. Zant*, 499 U.S. 467, 483-84 (1991); *Thunder v. U.S. Parole Com'n.*, 165 F. App'x 666, 668 (10th Cir. 2006); *Moses v. United States*, No. 95-5472, 1996 WL 132157, at *1

---

occurring before the 1987 effective date of the Sentencing Reform Act. [R. 16-1 at 3]; *See Westine v. Roberts*, No. 3:15-CV-10 (E.D. Ky. 2015) [R. 12, therein at 2-4.] The Court's analysis therefore focuses upon whether Westine was on supervised release for the conviction he challenges here – his money laundering conviction. Further, the government's understanding of *Maleng* is incorrect; in that case, the Supreme Court expressly rejected the notion that a petitioner could be "in custody" pursuant to a fully expired prior sentence merely because it could be used to enhance a future sentence. 490 U.S. at 491, 492.

(6th Cir. 1996) ("The merits of petitioner's claims previously decided need not be relitigated pursuant to 28 U.S.C. § 2244 where, as here, the ends of justice would not be served.").

In addition, a district court may apply the abuse-of-the-writ doctrine to refuse to consider claims which could or should have been asserted in a prior habeas proceeding. *McClesky*, 499 U.S. at 480-84; *Schlup v. Delo*, 513 U.S. 298, 318 n. 34 (1995) ("An 'abusive petition' occurs 'where a prisoner files a petition raising grounds that were available but not relied upon in a prior petition, or engages in other conduct that disentitle[s] him to the relief he seeks.'"); *Rosales-Garcia v. Holland*, 322 F.3d 386, 398-99 (6th Cir. 2003).  In this case, two federal courts have already rejected Westine's attempt to invoke *Santos* as grounds for habeas relief.  As this Court has previously stated:

> Allowing [a petitioner] to raise any claim in the instant proceeding that he actually raised in [a prior] case would constitute an impermissible successive petition; allowing him to raise a claim that could have been raised in that case would constitute an 'abuse of the writ' which this Court will not permit.

*Skinner v. Hastings*, No. 7:05-370-DCR, 2006 WL 2457934, at *4 (E.D. Ky. Aug. 22, 2006) (*citing Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1985)); *see also Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765-66 (6th Cir. 2008); *Dunne v. Zuercher*, No. 7:10-71-ART (E.D. Ky. 2010), *aff'd*, No. 12-5066 (6th Cir. 2012).  The Court therefore concludes that it need not entertain Westine's third challenge to his conviction under *Santos*.

Even if the Court were to reach the merits of Westine's petition, he has failed to establish grounds for relief.  A prisoner may only utilize a habeas corpus petition under § 2241 instead of a motion under 28 U.S.C. § 2255 to challenge the validity of his conviction if he can establish that he is "actually innocent" of the offense.  *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); *Charles v. Chandler*, 180 F. 3d 753, 757 (6th Cir. 1999) (*per curiam*)).  To do so, he must show that after

his conviction became final, the Supreme Court re-interpreted the substantive terms of the

criminal statute under which he was convicted in a manner that establishes that his conduct did

not violate the statute. *Wooten*, 677 F.3d at 307-08; *Hayes v. Holland*, 473 F. App'x 501, 501-02

(6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence

based upon Supreme Court decisions announcing new rules of statutory construction unavailable

for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of

course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308. In

*Wooten*, the Sixth Circuit held that the decision in *Santos* was retroactively applicable to cases on

collateral review. *Id.*

Under *United States v. Kratt*, 579 F.3d 558 (6th Cir. 2009), the potential merger problem

which animated *Santos* can arise where money received from the underlying mail fraud will,

without more, also constitute "proceeds" under the money laundering statute, thus causing the

same conduct to violate both statutes. *Wooten*, 677 F.3d at 310; *United States v. Crosgrove*, 637

F.3d 646, 655 (6th Cir. 2011). If the predicate offense such as mail fraud carries a much lower

statutory maximum than the associated money laundering charge, the merger "radically increases

the sentence for that crime," thus providing a basis for post-conviction relief. *See Kratt*, 579

F.3d at 562.

In this case, Westine used approximately 30% of his revenues to pay his expenses in

operating the scheme, including office rent, royalty payments, and commissions, but kept and

used 70% for his own personal use. *Westine*, 1994 WL 88831 at \*1. A federal court in a

post-conviction proceeding may rely on the factual conclusions made by an appellate court in the

same case. *Smith v. Snyder*, 22 F. App'x 552, 553 (6th Cir. 2001) (*citing Myers v. United States*,

198 F.3d 615, 619 (6th Cir. 1999). Because the receipts derived from the underlying fraud were

not used solely to pay its expenses, the jury could rest its verdict for money laundering upon

independent conduct, and the merger concern underlying *Santos* is not implicated. *Crosgrove*,

637 F.3d at 655; *McLean v. Holland*, No. 11-124-HRW, 2012 WL 5878681, at *2, 4 (E.D. Ky.

Nov. 21, 2012), *aff'd*, No. 12-6526 (6th Cir. Sept. 23, 2013) ("McLean cannot establish his

factual innocence based on *Santos* because ... [he] had used the proceeds from his fraudulent

mortgage scheme to engage in new criminal schemes and for his own personal expenditures.").

This is doubly true here because Westine was convicted of money laundering for both promotion

and concealment, and defining "proceeds" as "receipts" for purposes of concealment money

laundering does not create a merger problem under *Santos*. *Buffin*, 513 F. App'x at 447; *United*

*States v. Hosseini*, 679 F.3d 544, 552 (7th Cir. 2012).

   Accordingly, **IT IS ORDERED** that:

   1.  Petitioner John G. Westine's petition for a writ of habeas corpus pursuant to 28

U.S.C. § 2241 [**R. 1**] is **DENIED**;

   2.  This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

   3.  Judgment shall be entered contemporaneously with this Memorandum Opinion

and Order.

   This the 11th day of May, 2016.

Gregory F. Van Tatenhove
United States District Judge